UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| RINK CONSTRUCTION, INC. | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| MID-CONTINENT CASUALTY CO., | § | |
|    *Defendant.* | § | |

## DEFENDANT MID-CONTINENT CASUALTY COMPANY'S NOTICE OF REMOVAL

Defendant MID-CONTINENT CASUALTY COMPANY ("Mid-Continent" or "MCC"), files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446, and would respectfully show the Court as follows:

### PROCEDURAL HISTORY AND BASIS FOR REMOVAL

1.    On January 25, 2019, Plaintiff filed its Original Complaint and initiated an action identifying Mid-Continent as defendant in the District Court of McKenzie County, North Dakota, in Cause No. 27-2019-CV-00051 (the "State Court Action").

2.    Mid-Continent was served with Plaintiff's Original Complaint on January 25, 2019.

3.    Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed within the thirty-day statutory time period for removal. Mid-Continent files this Notice of Removal pursuant to 28 U.S.C. Section 1441(b), which permits removal based on diversity jurisdiction. 28 U.S.C. Section 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction. Specifically, (1) an amount in controversy exceeding $75,000, and (2) diversity of citizenship.[1]

---

[1] 28 U.S.C. § 1332(a).

4.      Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.[2] The district courts of the United States have original jurisdiction over this action based on complete diversity, in that all Defendants are now and were at the time this action was commenced, diverse in citizenship from Plaintiff and not a citizen of the State of North Dakota.

5.      Plaintiff is a corporation formed under the laws of the State of North Dakota and with a principal place of business in McKenzie County, North Dakota. Thus, upon information and belief, Plaintiff is a citizen of the State of North Dakota.

6.      Defendant Mid-Continent is a corporation organized under the laws of the State of Ohio with its principal place of business in Tulsa, Oklahoma at the time this action was commenced. Therefore, pursuant to 28 U.S.C. § 1332(c)(1) Mid-Continent is a citizen of both Ohio and Oklahoma.

7.      Removal is proper because, under 28 U.S.C. § 1332, the parties properly joined and served are now, and were at the time the lawsuit was filed, completely diverse in citizenship.[3]

8.      The amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000.00. When a plaintiff's pleadings do not allege a specific amount of damages, the removing party must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[4] This burden may be satisfied by the removing defendant showing

---

[2]*See* 28 U.S.C. § 1441.

[3]*See* 28 U.S.C. § 1441.

[4]*See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

it is facially apparent the plaintiff's claims exceed the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied.[5]

9. Here, Plaintiffs' Original Complaint alleges that Mid-Continent breached the terms of the relevant insurance policies.[6] Plaintiff further claims that this alleged breach of contract has resulted in its facing exposure for an amount exceeding $6 million.[7] As such, Plaintiffs' claims support the conclusion the amount in controversy exceeds $75,000.

10. Because complete diversity exists among the parties, and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction of this cause based on diversity of citizenship pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

11. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the District of North Dakota, Western Division, as the district and division embracing the county in which the State Court Action is now pending.

12. Mid-Continent, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

13. Pursuant to 28 U.S.C. § 1446(d), Mid-Continent will promptly file a copy of this Notice of Removal with the Clerk of the District Court of McKenzie County, North Dakota, where the action is currently pending.

14. Plaintiff requested a jury trial in the State Court Action. Upon information and belief, the requisite jury fee has not yet been paid.

15. A true and correct copy of all process, pleadings, and all orders served upon Mid-Continent in the State Court Action are hereby filed with this Notice of Removal as required by

---

[5] *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[6] *See* Exhibit D, Plaintiff's Original Complaint at p. 13, ¶¶ 43 – 45.

[7] *See* Exhibit D, Plaintiff's Original Complaint at p.10, ¶ 33.

28 U.S.C. § 1446(a).

16.    Moreover, copies of the following documents are hereby provided to the clerk for

filing in connection with the Notice of Removal:

      (1)    Summons and Complaint (Exhibit A);
      (2)    Certificate of Service
      (3)    Civil Cover Sheet


WHEREFORE, Defendant Mid-Continent Casualty Company respectfully requests the

above-entitled action be removed from the District Court of McKenzie County, North Dakota to

the United States District Court for the District of North Dakota, Western Division.

Date:  February 13, 2019.                    Respectfully Submitted,

                                      ZUGER KIRMIS & SMITH
                                      Attorneys for Defendant
                                      316 North 5th Street, 6th Floor
                                      P.O. Box 1695
                                      Bismarck, ND 58502
                                      Telephone: (701) 223-2711


                                      BY:___/s/ John E. Ward_____
                                      John E. Ward, ID# 07495
                                      jward@zkslaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Fed. R. Civ. P. 5, on February 14, 2019 to:

Kristin B. Rowell                                                    *Via ECF*
ANTHONY OSTLUND BAER                      *Email: krowell@anthonyostlund.com*
& LOUWAGIE P.A.
90 South 7th Street, Suite 3600
Minneapolis, MN 55402
Telephone: (612) 349-6969
Facsimile: (612) 349-6996


*/s/ John E. Ward*
John E. Ward