UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| RINK CONSTRUCTION, INC. | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-00036 |
| | § | |
| MID-CONTINENT CASUALTY CO., | § | |
| *Defendant*. | § | |

## MID-CONTINENT CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW, Mid-Continent Casualty Company ("Mid-Continent" or "MCC"), and, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, files its Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted. In support thereof, respectfully shows the Court as follows:

## I.
## INTRODUCTION

Plaintiff's contractual claims are not ripe for adjudication. In lieu of any ripe contractual claims to assert against Mid-Continent, Plaintiff cannot recover damages for its extra-contractual claims under North Dakota law. Furthermore, several elements of Plaintiff's claim for declaratory judgment are improper in light of the first-filed Continental-Rink Indemnification Lawsuit. Therefore, the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state claims upon which relief can be granted.

## II.
## STATEMENT OF FACTS

**A. The Lodholtz-Continental Lawsuit.**

In 2008, Rink Construction, Inc. ("Rink") contracted with Continental Resources, Inc. ("Continental") to provide roustabout services for several oil and gas wells in North Dakota.[1] Pursuant to the terms of the relevant Master Services Contract ("MSC"), Rink obligated itself to indemnify Continental for certain losses, and to carry minimum amounts of liability insurance.[2] Accordingly, Rink purchased $5 million in commercial liability insurance from Mid-Continent.[3]

In December 2013, a Rink employee, Brad Lodholtz, suffered injuries after a pressure release at one of Continental's oil and gas wells.[4] As a result of his injuries, Lodholtz filed suit against Continental in McKenzie County, North Dakota to recover damages (the "Lodholtz-Continental Lawsuit").[5] Continental subsequently removed the Lodholtz-Continental Lawsuit to federal court.[6] Plaintiff was never a party to the Lodholtz-Continental Lawsuit.[7]

In July 2017, a North Dakota jury found Continental negligent and entered a verdict for $8,496,000.[8] Yet due to a jury finding of contributory negligence against Lodholtz, the Court entered judgment for $6,159,600.[9]

---

[1] *See Plaintiff's Original Complaint* at p.3, ¶ 8.

[2] *Id.* at p.3 – 6, ¶¶ 7 – 22.

[3] *Id.*

[4] *Id.* at p.7, ¶¶ 23 – 24.

[5] *Id.*

[6] *See Lodholtz, et al. v. Continental Resources, Inc.*, Case No. 4:15-cv-00116-RRE-ARS (D. N.D.)

[7] *Id.*

[8] *See Plaintiff's Original Complaint* at p.8, ¶ 27.

Continental then appealed this judgment to the United States Court of Appeals for the Eighth Circuit.[10] However, on January 22nd, 2019, the parties agreed to settle the Lodholtz-Continental Lawsuit.

## B. The Continental-Rink Indemnification Lawsuit

On April 25, 2016, Continental filed suit against Plaintiff in federal court in North Dakota.[11] In addition to its breach of contract claim, Continental seeks a judicial determination that "Rink is required to save harmless Continental and is required to fully and completely indemnify Continental from any and all losses, damages, or injuries arising out of or directly or indirectly related to the Incident including holding Continental harmless and fully and completely indemnifying Continental from any and all claims and suits filed by Lodholtz."[12]

Upon receipt of the Continental-Rink Indemnification Lawsuit, Plaintiff tendered a claim to Mid-Continent. Mid-Continent accepted the defense, and continues to defend Plaintiff.

## III.
## LEGAL STANDARD

The standard to employ in ruling on a motion to dismiss for lack of subject matter jurisdiction is well-established: courts must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[13] However, unlike with a 12(b)(6) motion, "a district court 'has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule

---

[9] *Id.*

[10] *See Brad Lodholtz, et al. v. Continental Resources, Inc.*, Case No. 2292, 2354 (8th Cir.)

[11] *See Continental Resources, Inc. v. Rink Construction, Inc.*, Case No. 1:16-cv-00091-DLH-CRH (D. ND.)

[12] *See Continental's Original Complaint* at p. 4 – 6, ¶¶ 22 – 24; Fed. R. Civ. P. 12(b)(1).

[13] *Cruply-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

12(b)(1).'"[14] Therefore, dismissal is appropriate when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[15]

To survive a Rule 12(B)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability."[16] Those facts must "raise a right to relief above the speculative level," meaning that a complaint fails to state facts upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."[17] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[18]

## IV.
## ARGUMENTS & AUTHORITIES

### A. Rink's Claim for Breach of Contract Is Not Ripe.

It is well settled that courts should not give advisory opinions on academic questions where no actual controversy needs to be determined.[19] The basic rationale for this holding is to prevent courts from entangling themselves in disagreements until the effects are felt in a concrete way by the challenging parties.[20] Therefore, in order to determine whether an issue is ripe for

---

[14] *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637 n. 4 (8th Cir. 2003) (quoting *Osborn v. U.S.*, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947))).

[15] *McCormack v. Citibank, N.A.*, 979 F.2d 643, 646 (8th Cir. 1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n. 5 (2007); Fed. R. Civ. P. 12(b)(6).

[17] *Twombly*, 550 U.S. at 560.

[18] *Simes v. Ark. Judicial Discipline & Disability Comm'n*, 734 F.3d 830, 834 (8th Cir. 2013).

[19] *McCarthy v. Ozark School Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004); *Public Water Supply Dist. No. 8 of Clay County, Missouri v. City of Kearney, Missouri*, 401 F.3d 930, 932 (8th Cir. 2005); *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996).

[20] *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003).

judicial review, courts must evaluate both (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration.[21] An issue is not ripe for review if it depends on future contingencies which, although they might occur, necessarily may not, thus making addressing the question premature.[22]

In this case, none of Plaintiff's contractual claims are ripe for adjudication. Plaintiff alleges that Mid-Continent breached the terms of the relevant insurance policies by "failing to timely accept and fulfil its indemnification obligations under the Policies in relation to the claims relating to the *Lodholtz* Lawsuit, Rink, and Continental."[23] However, Mid-Continent bears no current obligation to indemnify Plaintiff **because Plaintiff has no current obligation to indemnify Continental**.

Indeed, there is no final judgment in the Continental-Rink Indemnification Lawsuit ordering Plaintiff to indemnify Continental for damages allegedly incurred as a result of the Lodholtz-Continental Lawsuit.[24] If the Court enters final judgment against Plaintiff in the Continental-Rink Indemnification Lawsuit, Plaintiff still has the right to appeal that judgment to the United States District Court for the Eighth Circuit. If the Eighth Circuit upholds a finding that Plaintiff must indemnify Continental, then Plaintiff *still* must tender proof of loss to Mid-Continent. Until such events transpire, there can be no situation in which Mid-Continent breaches the terms of the policy. Nevertheless, Plaintiff filed suit against Mid-Continent for alleged failure to indemnify under the terms of the relevant insurance policies.

---

[21] *KCCP Trust v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)).

[22] *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985).

[23] *See Plaintiff's Original Complaint* at p. 13, ¶¶ 43 – 45.

[24] *See Continental Resources, Inc. v. Rink Construction, Inc.*, Case No. 1:16-cv-00091-DLH-CRH (D. ND.)

In lieu of an opportunity to respond – much less deny – Plaintiff's claims for indemnity, Mid-Continent cannot be in a position to breach the terms of the relevant insurance policies. The fact that Mid-Continent might choose to deny coverage to Rink in the future does not entitle Rink to sue Mid-Continent for breach of contract today. Therefore, any claim for breach of contract is not yet fit for judicial decision. Furthermore, without a final judgment ordering Plaintiff to indemnify Continental, Plaintiff alleges no basis from which the Court could find that it currently suffers undue hardship. Accordingly, Rink's claims are not yet ripe. Therefore, the Court must dismiss Plaintiff's contractual claims for want of subject matter jurisdiction.[25]

## B. Rink Cannot Assert Bad Faith Claims Without Ripe Breach of Contract Claim.

North Dakota recognizes a bad faith action for breach of the implied covenant of good faith and fair dealing in an insurance policy.[26] However, under North Dakota law, an insured cannot assert a claim for breach of the duty of good faith and fair dealing without first establishing that the insurer breached its duties under the relevant insurance policies.

In *Corwin Chrysler-Plymouth, Inc. v. Westchester Fire Ins. Co.*, the Supreme Court of North Dakota held:

> "'...[the duty of good faith and fair dealing] is the obligation...under which the insurer must act fairly and in good faith in discharging its contractual responsibilities. Where in doing so, it fails to deal fairly and in good faith with its insured **by refusing, without proper cause, to compensate its insured for a loss covered by the policy**, such conduct may give rise to a cause of action in tort for breach of the implied covenant of good faith and fair dealing.'"[27]

Indeed, the Court further recognized:

---

[25] Fed. R. Civ. P. 12(b)(1).

[26] *See, e.g., Seifert v. Farmers Union Mut. Ins. Co.*, 497 N.W.2d 694, 697-98 (N.D. 1993).

[27] *Corwin Chrysler-Plymouth, Inc. v. Westchester Fire Ins. Co.*, 279 N.W.2d 638, 643 (N.D. 1979) (*quoting Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 510 P.2d 1032, 1037 (1973) (emphasis added); *see also Smith v. American Family Mut. Ins. Co.*, 294 N.W.2d 751 (N.D. 1980).

"...the test for insurer bad faith in first party situations is whether the insurer has acted unreasonably...**by failing to compensate the insured, without proper cause, for a loss covered by the policy**."[28]

Therefore, unless an insurer fails to compensate an insured for a loss covered by the relevant policies, there is no basis under North Dakota law to assert a claim against that insurer for breach of the duty of good faith and fair dealing.

In this case, Plaintiff cannot establish any legal basis to assert a bad faith claim against Mid-Continent because its claims for breach of contract are not yet ripe. As noted above, there has yet to be a final judgment in the Continental-Rink Indemnification Lawsuit that obligates Plaintiff to indemnify Continental. Accordingly, Plaintiff has yet to suffer any loss. As a result, Mid-Continent cannot have breached the terms of the relevant policies by denying coverage for an allegedly covered loss. In lieu of any breach, Plaintiff has neither legal nor factual basis upon which to assert a bad faith claim against Mid-Continent. Therefore, the Court must dismiss Plaintiff's bad faith claim for failure to state claims upon which relief may be granted.[29]

## C. Rink's Claims for Declaratory Judgment Must Be Dismissed as Improper.

Plaintiff seeks declaratory judgment regarding "the parties' respective rights and indemnification obligations in connection with *Lodholtz* Lawsuit and Continental's demands to Rink." Plaintiff also seeks a judgment declaring that "the *Lodholtz Lawsuit* constitutes a covered claim under the Policies." Plaintiff further seeks a declaration that "all terms and conditions have been satisfied and complied with, no exclusions or conditions set forth in Policies bar or limit coverage for the *Lodholtz* Lawsuit, and Mid-Continent is liable to Rink for the full amount of the limits of the Policies, any amount to which Rink is deemed liable to Continental, and any and all

---

[28] *Seifert*, 497 N.W.2d 694, 698 (*quoting* William M Shernoff et al., *Insurance Bad Faith Litigation* § 5.02[2] (1992) (footnotes omitted).

[29] Fed. R. Civ. P. 12(b)(6).

additional money required to settle the *Lodholtz* Lawsuit." In effect, Plaintiff seeks to have the Court advise Mid-Continent on how to handle Plaintiff's claims for indemnity so that Plaintiff can receive compensation for unproven damages and avoid continued litigation of the Continental-Rink Indemnification Lawsuit.

This is problematic for three reasons. First, the factual predicate necessary for Plaintiff to obtain the declaratory relief sought does not yet exist. Indeed, as noted above, Plaintiff does not yet have any legal obligation to indemnify Continental without a final judgment in the Continental-Rink Indemnification Lawsuit.[30] Furthermore, if the Court determines that Plaintiff must indemnify Continental, then Plaintiff still must tender proof of loss to Mid-Continent. As such, Plaintiff's claim for declaratory relief is not yet ripe. Therefore, any comments from the Court regarding what Mid-Continent must do in the future, or whether certain policy provisions limit coverage, would be premature.[31]

Second, Plaintiff is already litigating its rights and indemnity obligations vis-à-vis Continental in the first-filed Continental-Rink Indemnification Lawsuit.[32] Indeed, in that first-filed lawsuit, Plaintiff denies that the Lodholtz-Continental Lawsuit is covered under the terms of the relevant insurance policies because it has no obligation to indemnify Continental in any amount.[33] Therefore, the Court should conserve its resources and adjudicate Plaintiff's indemnity obligation to Continental – if any – in the first-filed lawsuit.[34]

---

[30] *Supra* § IV.A.

[31] Fed. R. Civ. P. 12(b)(1).

[32] The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).

[33] It bears mention that Plaintiff denies that it has an obligation to indemnify Continental in the Continental-Rink Indemnification Lawsuit, but seeks coverage in the instant lawsuit on the basis that it owes indemnity to Continental.. Filing such contradictory declarations constitutes a breach of the cooperation clause of the relevant

Finally, Rink was never a party to the Lodholtz-Continental Lawsuit. Accordingly, it had no legal obligation to contribute money to the settlement. Therefore, any money contributed to settle the Lodholtz-Continental Lawsuit constitutes a voluntary payment that is not covered under the terms of the relevant policies. Therefore, in light the arguments stated above, the Court must dismiss Plaintiff's third cause of action for lack of subject matter jurisdiction.[35] Alternatively, the Court should abate resolution of the third cause of action until after final resolution of the Continental-Rink Indemnification Lawsuit.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Mid-Continent Casualty Company prays that the Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted, and for other and further relief that the Court finds Mid-Continent to be so entitled.

Date: February 21, 2019.                    Respectfully submitted,

ZUGER KIRMIS & SMITH

Attorneys for Defendant
316 North 5th Street, 6th Floor
P.O. Box 1695
Bismarck, ND 58502
Telephone: (701) 223-2711

BY:___/s/ John E. Ward_____
John E. Ward, ID# 07495
jward@zkslaw.com

---

insurance policies. Therefore, by virtue of its filing this suit, Plaintiff may have forfeited coverage otherwise owed under the policies.

[34] *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); *Orthman v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

[35] Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).